IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| ANDREAS SAVRANAKIS, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 111289N |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION OF DISMISSAL** |

This matter is before the court on Defendant's motion to dismiss, filed with its Answer on February 1, 2012, requesting that Plaintiff's appeals be dismissed because it was not timely filed. A case management conference was held on February 21, 2012, during which Plaintiff appeared on his own behalf and Kyle Quiring (Quiring), Tax Auditor, appeared on behalf of Defendant. During the February 21, 2012, conference, the parties discussed Defendant's motion to dismiss. Plaintiff stated that he received Defendant's request for additional information and that he submitted the requested documents to Defendant. He stated that he understands that the deadline for appeal "is what it is," but that he is "a working person" and is busy with many obligations. Plaintiff declined to submit additional written arguments.

A.      *2009 tax year*

For the 2009 tax year, Plaintiff appeals Defendant's Notice of Proposed Adjustment and/or Distribution, dated August 18, 2011. (Def's Ans at 1.) ORS 305.270(5)(b) states, "[i]f no written objections are made, the notice of any proposed adjustment shall be final after the period for requesting conference or filing written objections has expired."[1]

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

"An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. *An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final.*"

ORS 305.280(2) (emphasis added). Defendant states that "Plaintiff[] did not send in a written objection or request a conference within 30 days [and] the Notice of Proposed [] Adjustment and/or Distribution became final on September 17, 2011." (Def's Ans at 1.) Plaintiff's Complaint was postmarked December 21, 2011, which is beyond the 90 days required by ORS 305.280(2). Quiring stated that Plaintiff has no appeal rights remaining with respect to the 2009 tax year. The court is not aware of any circumstances that extend the statutory limit of 90 days to appeal Defendant's Notice of Proposed Adjustment and/or Distribution for the 2009 tax year. Accordingly, Plaintiff's 2009 tax year appeal must be dismissed.

B.      *2010 tax year*

For the 2010 tax year, Plaintiff appeals Defendant's Notice of Deficiency Assessment, dated September 21, 2011. As stated above, an appeal from "any notice of assessment" must be filed within 90 days of "the date of the notice" under ORS 305.280(2). However, "an appeal from a notice of assessment of taxes imposed under ORS chapter 314, 316, 317 or 318 may be filed within two years after the date the amount of tax, as shown on the notice and including appropriate penalties and interest, is paid." ORS 305.280(3). Quiring stated that Plaintiff had not yet paid the 2010 deficiency and is not, therefore, entitled to the two year time for appeal stated in ORS 305.280(3).[2] Plaintiff's Complaint was postmarked December 21, 2011, which is beyond the 90 days required by ORS 305.280(2). Plaintiff does not meet the requirements of

---

[2] Quiring stated that Plaintiff may be able to pursue relief from Defendant under the "doubtful liability" statute. *See* ORS 305.295. He clarified that any relief through "doubtful liability" is with Defendant, not the court.

ORS 305.280(3). Again, the court is not aware of any circumstances that extend the statutory limit of 90 days to appeal Defendant's Notice of Deficiency Assessment for the 2010 tax year. Accordingly, Plaintiff's 2010 tax year appeal must be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted. Plaintiff's Complaint is dismissed.

Dated this ___ day of February 2012.

_____
ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Pro Tempore Allison R. Boomer on February 27, 2012. The Court filed and entered this document on February 27, 2012.*